IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LASCHELLE OLSON,<br><br>    Plaintiff,<br><br>  v.<br><br>PALM DRIVE HOSPITAL, et al.,<br><br>    Defendants.<br>_____/ | No. C-11-4606 MMC<br><br>**ORDER GRANTING DEFENDANT PALM DRIVE HEALTH CARE DISTRICT'S MOTION TO DISMISS FOURTH AND SEVENTH CAUSES OF ACTION; VACATING FEBRUARY 17, 2012 HEARING** |

     Before the Court is defendant Palm Drive Health Care District's ("District') "Motion to Dismiss the Fourth and Seventh Counts of Plaintiff's Complaint for Damages," filed January 9, 2012. Plaintiff Laschelle Olson has filed opposition, to which the District has replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court deems the matter suitable for decision on the parties' respective written submissions, VACATES the hearing scheduled for February 17, 2012, and rules as follows.

## BACKGROUND

     In her complaint, plaintiff, a respiratory therapist employed by the District, alleges that the District "retaliated against [her] for engaging in protected activity and speech, and treated [her] differently based on her race, African American." (See Compl. ¶ 2.) The complaint consists of nine causes of action, four of which, the Third, Fourth, Seventh and

1  Ninth, are asserted against the District, as set forth below.

2        The Third Cause of Action asserts a violation of Title VII of the 1964 Civil Rights Act
3  ("Title VII") and a violation of the California Fair Employment of Housing Act ("FEHA").
4  According to plaintiff, after Lois Arata ("Arata"), a registered nurse employed by the District,
5  engaged in a "physical attack" against plaintiff, the District "denied [plaintiff] the protection
6  afforded by [the District's] policies" regarding "violence in the workplace" in that the District
7  did not "discipline[ ] in any way" Arata and instead gave plaintiff a "written warning" and
8  suspended her. (See Compl. ¶ 42.) By contrast, plaintiff alleges, when Arata, on an earlier
9  occasion, had "pushed" a "white" employee, the District "afforded this white employee the
10 full benefit of the work place violence policy, including disciplining [ ] Arata." (See Compl.
11 ¶ 43.) Plaintiff alleges the District "disparately, differently, [and] discriminatorily" applied its
12 "procedures regarding violence in the work place" in violation of Title VII and FEHA, and
13 that "[s]uch discrimination was motivated by [plaintiff's] race." (See Compl. ¶ 45.)

14       The Fourth Cause of Action asserts a violation of § 1278.5 of the California Health &
15 Safety Code, which section prohibits retaliation against health care workers for reporting
16 suspected unsafe patient care. According to plaintiff, after she reported to "the hospital
17 administration" that Arata and another employee had engaged in "breaches of protocol"
18 that "compromised patient care," the District "took no action to investigate [plaintiff's] report
19 and, "[i]nstead" issued to plaintiff a "written warning and suspend[ed] her" in violation of
20 § 1278.5. (See Compl. ¶ 49.)

21       The Seventh Cause of Action asserts a violation of § 1102.5 of the California Labor
22 Code, which section prohibits retaliation against an employee for reporting a suspected
23 violation of state or federal law. According to plaintiff, after she "report[ed] violations of
24 protocol to hospital administration and fil[ed] a police report following [ ] Arata's battery
25 against her," the District "took adverse employment action against [her]" in violation of
26 § 1102.5. (See Compl. ¶ 62.)

27       The Ninth Cause of Action asserts a second violation of Title VII and FEHA.
28 Specifically, plaintiff alleges that she was "subjected to a hostile work environment, based

on her protected status, race, at her place of employment with [the] District." (See Compl. ¶ 71.) According to plaintiff, Arata "created an intimidating and hostile work environment for [plaintiff]," and did so "because of [plaintiff's] race, African American." (See Compl. ¶ 72.)

**DISCUSSION**

The District seeks dismissal of the Fourth and Seventh Causes of Action for the reason plaintiff has not alleged that, prior to filing her complaint, she presented a claim to the District, pursuant to the procedures set forth in the California Government Code.

The California Government Code provides that "all claims for money or damages against local public entities," with the exception of certain enumerated categories of claims not applicable here, must be "presented" to the public entity. See Cal. Gov't Code § 905. A claim is "presented to a local public entity" when it is either "deliver[ed]" to the "clerk, secretary or auditor thereof" or is "mail[ed]" to the "clerk, secretary, auditor, or to the governing body at its principal office." See Cal. Gov't Code § 915(a). Subject to two statutory exceptions inapplicable here, "no suit for money or damages may be brought against a public entity on a cause of action for which a claim is required to be presented . . . until a written claim therefor has been presented to the public entity and has been acted upon by the board, or has been deemed to have been rejected by the board." See Cal. Gov't Code § 945.4. Where a cause of action is subject to the "claim presentation requirement," the cause of action is subject to dismissal for "failure to state a claim," unless the plaintiff "allege[s] facts demonstrating or excusing compliance" with the requirement. See State v. Superior Court (Bodde), 32 Cal. 4th 1234, 1239 (2004).

Here, the District is a public entity, see 2000 Cal. Stat., ch. 798, § 1, and plaintiff seeks damages as relief for the District's alleged violations of § 1278.5 and § 1102.5. (See Compl. ¶¶ 50, 63.) Consequently, plaintiff, to sufficiently state a claim that the District violated § 1278.5 and § 1102.5, must "allege facts demonstrating or excusing compliance" with the claim presentation requirement. See Bodde, 32 Cal. 4th at 1239. As the District correctly observes, plaintiff does not allege she presented a claim to the District.

Consequently, the Fourth and Seventh Causes of Action are subject to dismissal in the absence of any facts establishing a cognizable excuse for plaintiff's lack of compliance.

In that respect, plaintiff relies on the following allegation: "Plaintiff filed a charge of discrimination on May 27, 2010 and received her right to sue letter from the EEOC on June 20, 2011." (See Compl. ¶ 12.) Plaintiff argues she need not comply with the claim presentation requirement because her "whistleblower" claims "arise[ ] out of the same set of facts and circumstances" as her FEHA claims. (See Pl.'s Opp. at 3:13-21, 6:20-22.)

In support thereof, plaintiff relies on California Court of Appeal decisions holding that the California Legislature did not intend the claim presentation requirement to apply to FEHA claims. See Garcia v. Los Angeles Unified Sch. Dist., 173 Cal. App. 3d 701, 710-11 (1985) (holding "procedural guidelines and the time framework provided in the FEHA are special rules for this particular type of claim which control over the general rules governing claims against governmental entities") (emphasis in original); Snipes v. City of Bakersfield, 145 Cal. App. 3d 861, 865 (1983) (holding "purposes and procedures of the FEHA demonstrate a legislative intent that actions against governmental entities brought under the FEHA are to be excepted from the general requirements of the Tort Claims Act"). The cases on which plaintiff relies, however, address complaints consisting only of FEHA claims and do not address whether a plaintiff is excused from the claim presentation requirement as to non-FEHA claims that the plaintiff includes in a complaint with exhausted FEHA claims.[1]

To the extent the Court has located authority addressing the specific issue presented here, the authority is contrary to plaintiff's argument. In particular, at least three

---

[1] Plaintiff alleges she received a right to sue letter from the EEOC, but does not allege she received a right to sue letter from the Department of Fair Employment and Housing ("DFEH"). Consequently, it is unclear whether plaintiff has, in fact, exhausted her FEHA claims. See Dang v. Solar Turbines, Inc., 2011 WL 4703062, *1 (9th Cir. 2011) (holding "EEOC right-to-sue notice does not satisfy administrative exhaustion requirements for the California FEHA"); Rojo v. Kliger, 52 Cal. 3d. 65, 83 (1990) (holding, as to claims under FEHA, "right-to-sue letter is a prerequisite to judicial action"). Because the District has not raised any issue regarding exhaustion of plaintiff's FEHA claims, however, the Court has not further considered the issue herein.

1  district courts have considered and rejected the same argument made by plaintiff.  See
2  Jadwin v. County of Kern, 2009 WL 926844, *18 (E. D. Cal. 2009) ("[A]sserting non-FEHA
3  claims in a DFEH complaint does not satisfy the Government Claims Act requirements.");
4  Linkenhoker v. Rupf, 2007 WL 404783, *8 (N.D. Cal. 2007) (rejecting argument that
5  plaintiff who submits FEHA claim to DFEH is excused from claim presentation requirement
6  as to non-FEHA claim); Williams v. County of Marin, 2004 WL 2002478, *11 (N.D. Cal.
7  2004) (holding plaintiff's filing of administrative claim with DFEH "does not satisfy the Tort
8  Claims Act" as to non-FEHA claims).  This Court finds in accord with such authorities.  As
9  the California Supreme Court has explained, the intent of the California Legislature when
10 enacting the Tort Claims Act, the Act in which the claim presentation requirement is found,
11 was "not to expand the rights of plaintiffs in suits against government entities, but to
12 confine potential governmental liability to rigidly delineated circumstances:  immunity is
13 waived only if the various requirements of the act are satisfied."  See Williams v. Horvath,
14 16 Cal. 3d 834, 838 (1976).  Such legislative intent to limit a government entity's waiver of
15 sovereign immunity to "rigidly delineated circumstances," as reflected in the Legislature's
16 provision for a limited number of statutory exceptions to the claim presentation requirement,
17 see Cal. Gov't Code §§ 905(a) - 905(n), counsels against judicial recognition of non-
18 statutory exceptions in the absence of a strong reason therefor.

19         Plaintiff argues, in essence, that inclusion of non-FEHA claims in a FEHA
20 administrative complaint should suffice as an excuse for a failure to comply with the claim
21 presentation requirement because, according to plaintiff, the purposes of said requirement
22 are satisfied by submission of a FEHA administrative claim.  The Court disagrees.

23         The purpose of the claim presentation requirement is "to provide the public entity
24 sufficient information to enable it to adequately investigate claims and to settle them, if
25 appropriate, without the expense of litigation."  See City of San Jose v. Superior Court
26 (Lands Unlimited), 12 Cal. 3d 447, 455 (1974).  The California Court of Appeal, in holding
27 the Legislature did not intend FEHA claims to be subject to the claim presentation
28 requirement, found the purpose of the requirement was satisfied by submission of a FEHA

claim to the DFEH, given that the DFEH's "function is to investigate, conciliate, and seek redress of claimed discrimination." See Snipes, 145 Cal. App. 3d at 865-66. Nothing in the FEHA, however, provides that the DFEH has the authority to investigate non-FEHA claims. Cf. Cal. Gov't Code § 12963 (providing DFEH has authority to investigate violations of FEHA). Consequently, the purpose of the claim presentation requirement is not advanced by excusing the requirement where, as here, a plaintiff includes in an FEHA administrative complaint claims outside the purview of the DFEH.[2] Cf., e.g., Williams v. Housing Authority, 121 Cal. App. 4th 708, 731 (2004) (holding, where plaintiff's complaint consisted of exhausted FEHA claims and claims "not based on a claimed violation of the FEHA," plaintiff was required to exhaust internal administrative remedy provided by defendant as to latter category of claims; rejecting argument plaintiff should be excused from exhaustion by reason of his having submitted FEHA claims to DFEH because "[t]o hold otherwise would . . . create an incentive for an employee to file meritless FEHA claims in every case in order to circumvent the exhaustion requirement").

Accordingly, the Fourth and Seventh Causes of Action are subject to dismissal for failure to allege facts demonstrating or excusing compliance with the claim presentation requirement.[3]

---

[2] As set forth above, plaintiff's FEHA claims are based on the allegations that the District applied its policy concerning violence in the workplace differently depending on the race of the alleged victim, and that the District subjected plaintiff to a hostile work environment on account of plaintiff's race. By contrast, plaintiff's non-FEHA claims are based on the allegation that the District retaliated against plaintiff after she reported to her supervisors that other employees had failed to comply with certain hospital protocols concerning patient care and after she reported to the police that she had been assaulted by another employee.

[3] The District argues the Seventh Cause of Action is subject to dismissal for the additional reason that plaintiff has not alleged she submitted an administrative claim to the Labor Commissioner, and that such remedy must be exhausted. California Court of Appeal decisions have rejected this argument, see, e.g., Lloyd v. County of Los Angeles, 172 Cal. App. 4th 320, 331-32 (2009) (agreeing with prior Court of Appeal decisions "recogniz[ing] there is no requirement that a plaintiff proceed through the Labor Code administrative procedure in order to pursue a [§1102.1] cause of action"), while some district courts have accepted it, see, e.g., Creighton v. City of Livingston, 628 F. Supp. 2d 1199, 1221-22 (E.D. Cal. 2009) (agreeing with prior district court opinion holding plaintiff alleging claim under § 1102.1 must "exhaust available administrative remedies before the Labor Commissioner prior to filing suit"). In light of the Court's findings with respect to the

In her opposition, plaintiff requests an opportunity to amend in the event the Court grants the motion. Plaintiff, however, does not state she could allege she has complied with the claim presentation requirement, nor, as discussed above, has plaintiff shown she can allege a cognizable excuse for the failure to comply. Consequently, leave to amend would be futile and, accordingly, will be denied. See Gordon v. City of Oakland, 627 F.3d 1092, 1094, 1096 (9th Cir. 2010) (affirming denial of motion for leave to amend, where proposed claim "would be futile").

**CONCLUSION**

For the reasons stated above, the motion to dismiss is hereby GRANTED, and the Fourth and Seventh Causes of Action are hereby DISMISSED without prejudice.

**IT IS SO ORDERED.**

Dated: February 10, 2012

MAXINE M. CHESNEY
United States District Judge

---

claim presentation requirement, the Court does not address herein the District's alternative argument as to the Seventh Cause of Action.